IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:15-cv-126-NJR-DGW |
| ) | |
| KIMBERLY BUTLER, BRADLEY CLARK, ) | |
| HEAD WARDEN JOHN DOE, and ) | |
| TACTICAL COMMANDER JOHN DOE, ) | |
| ) | |
| Defendants. ) | |

### REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a).  For the reasons set forth below, it is **RECOMMENDED** that the Motion for Summary Judgment Regarding Exhaustion (Doc. 26) be **GRANTED** and that the Court adopt the following findings of fact and conclusions of law.

#### INTRODUCTION

Plaintiff filed a Complaint on February 6, 2015 alleging that he was subjected to excessive force during a shakedown on April 8, 2014 while he was housed at the Menard Correctional Center.  Plaintiff alleges that when he was taken out of his cell on that date, Defendant Bradley Clark, a tactical officer, squeezed his neck and held his head down, causing him substantial pain.  Plaintiff alleges that Defendant Kimberly Butler, an Assistant Warden at

that time, and Defendant Head Warden John Doe, failed to intervene even though they were present. Finally, Plaintiff alleges that he was then taken to a Chapel where he was ordered to stand for an unreasonable amount of time by Defendant Tactical Commander John Doe. Plaintiff is proceeding on one count of excessive force against Defendants Clark and Tactical Commander Doe and one count of failure to intervene against Defendants Butler and Head Warden Doe.

Defendants Butler and Clark have filed a Motion for Summary Judgment Regarding Exhaustion on September 24, 2015 (Doc. 26). Plaintiff filed a response on October 26, 2015 (Doc. 30) and a supplemental response on December 8, 2015 (Doc. 37). In the first response, Plaintiff admits the Motion for Summary Judgment, conceding that he failed to properly exhaust prior to filing suit. In the second response, however, Plaintiff reverses course and states that he did indeed properly exhaust prior to filing suit. A hearing in this matter is not necessary as there are no facts in dispute.

### FINDINGS OF FACT

It is undisputed that on April 27, 2014, Plaintiff submitted and appropriately appealed two grievances related to the events set forth in the Complaint. Both grievances were appealed to the Administrative Review Board ("ARB") on July 15, 2014. The ARB issued a decision on January 30, 2015 and the Director of the Illinois Department of Corrections ("IDOC") concurred on February 10, 2015. Plaintiff filed suit 4 days prior to the Director's concurrence.

### CONCLUSIONS OF LAW

Summary judgment is proper only if the moving party can demonstrate "that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." FEDERAL RULE OF CIVIL PROCEDURE 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

*See also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). Exhaustion of available administrative remedies is a precondition to suits brought pursuant to 42 U.S.C. § 1983 regarding prison conditions. 42 U.S.C. § 1997e(a); *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006).

Under the relevant procedures set forth in the Illinois Administrative Code, an inmate must appeal the decision of a Prison's Warden, in writing, within 30 days to the Director of the IDOC for a final decision. ILL. ADMIN. CODE TIT. 20, § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). In making his decision, the Director may receive a report from the ARB suggesting a disposition. *Id.* The Director "shall review the findings and recommendations of the [ ] [ARB] and make a final determination of the grievance within 6 months after receipt of the appealed grievance, where reasonably feasible under the circumstances." An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005).

The Director (or the ARB) received Plaintiff's relevant grievances on August 1, 2014. Accordingly, a final decision, if "reasonably feasible under the circumstances," should have been made by February 1, 2015. A final decision was not made until February 10, 2015. Plaintiff filed suit 4 days earlier but 6 days after a decision should have been made, on February 6, 2015.

Defendants have offered no argument that a decision in this matter could not have been made within the 6 month window contained in the Code.

In similar circumstances, District Judge Nancy J. Rosenstengel identified four questions that should be considered in determining whether the failure to respond to a grievance within the suggested timeframe renders the grievance process unavailable:

> (1) Was the appeal properly filed?
>
> (2) Was the lack of a response within the six-month time period the fault of the ARB?
>
> (3) Was [ ] [the inmate] given any instruction on how to proceed in the event that his appeal to the ARB was lost, ignored, or in limbo beyond the six-month period? And
>
> (4) if not, did [ ] [the inmate] wait at least one month past the suggested six-month response deadline before filing suit?
>
> *Woods v. Forehand*, 2015 WL 1188326, * 4 (S.D.Ill. 2015).

In this case, it is undisputed that Plaintiff properly filed his appeal, that he did not receive a response from the Director within 6 months through no fault of his own, and that he was not given any instructions as to what to do if a timely response was not rendered. The only question that cuts against Plaintiff is that he did not wait at least a month after the 6 month period elapsed. Rather, he waited 6 days – just enough time to account for the mail. In *Woods*, Judge Rosenstengel indicated that "it appears to be widely accepted that the grievance process does not become unavailable simply because a response is tardy" and that case law suggests that "prisoners failed to exhaust their administrative remedies when they filed suit less than one month past the suggested response deadline." *Id.* at **3-4 (citing *Ford v. Johnson*, 362 F.3d 395, 400 (7th Cir. 2004)). A decision made within a month of a deadline may be deemed "tardy" but would not render the administrative remedies process unavailable; whereas a decision made

beyond one month of a deadline may render the process unavailable. *Id*. Plaintiff's Complaint, having been filed 6 days after the 6 month suggested deadline, places his claims within the first camp – a response was merely tardy and did non render administrative remedies unavailable.

As there is no indication in the record or the filings that Plaintiff submitted any other exhausted grievance, this same conclusion can be reached as to the remaining John Doe Defendants. Pursuant to Federal Rule of Civil Procedure 56(f), Plaintiff is notified that summary judgment may and should be granted in favor of the John Doe Defendants for the same reasons as set forth above.

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Motion for Summary Judgment Regarding Exhaustion filed by Defendants Butler and Clark be **GRANTED**. It is further **RECOMMENDED** that summary judgment on the issue of exhaustion be **GRANTED** as to the remaining John Doe Defendants, that this matter be **DISMISSED WITHOUT PREJUDICE**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: December 14, 2015**

                                        **DONALD G. WILKERSON**
                                        **United States Magistrate Judge**